IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

        Petitioner,                        No. 2:12-cv-1006 KJN P

   vs.

TIM V. VIRGA, Warden,[1]

        Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Petitioner has not, however, filed an in

---

[1] Petitioner improperly named Richard Parks as respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, the court now substitutes in the correct respondent, Tim V. Virga, the Warden of the California State Prison, Sacramento, where petitioner is presently incarcerated. The Clerk of Court is directed to interlineate the name Tim V. Virga, Warden, as the respondent on the petition and in the court's records.

[2] The instant petition is deemed filed on June 30, 2010, the date petitioner presented the petition to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Initial review of the petition reflects that petitioner has not exhausted his state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor,

1

forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Therefore, petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action; and

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form and the petition for writ of habeas corpus form used by this district.

3. The correct respondent, Tim V. Virga, is substituted as the correct respondent. The Clerk of the Court shall interlineate the name "Tim V. Virga, Warden" as the respondent on the petition, and in the court's records.

DATED: April 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

winf1006.101a

---

404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

If petitioner has exhausted his state court remedies during the delay between the date he presented the instant petition to prison officials for mailing, and its receipt by this court, petitioner should also submit an amended petition setting forth this information at the same time he complies with the instant order. The Court Clerk is directed to send petitioner the form for filing a habeas corpus petition.